J-S41013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY STANZIOLA | : | |
| | : | |
| Appellant | : | No. 840 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 1, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-SA-0000142-2022

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J:                **FILED: JANUARY 12, 2023**

Anthony Stanziola appeals, *pro se*, from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County, following a *de novo* trial and summary conviction for failure to stop at a stop sign.[1]  We quash this appeal.

Stanziola's Pa.R.A.P 1925(b) concise statement of errors complained of on appeal does not properly identify his issues.  Neither this Court, nor the trial court, can discern the issues he seeks to raise on appeal.[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3323(b).

[2] Stanziola's Rule 1925(b) statement is forty-five pages long, has over three hundred numbered paragraphs, and does not present a coherent statement regarding any particular legal issue or issues relevant to the instant case. ***See Kanter v. Epstein***, 866 A.2d 394 (Pa. Super. 2004); ***see also***
*(Footnote Continued Next Page)*

Additionally, even liberally construed, Stanziola's *pro se* appellate brief falls well below the standard for compliance with briefing requirements. ***See*** Pa.R.A.P. 2101, *et seq*. Stanziola's brief does not include a statement of the questions involved or a statement of the case. ***See*** Pa.R.A.P. 2116, 2117. Stanziola's brief is devoid of legal authority, is incoherent, referencing "Playdough Doctrine," and "Etch-[A]-Sketch Policy" and, as the Commonwealth states, "consists almost entirely of what appear to be rhetorical questions and personal musings on subjects including, but not limited to: witchcraft, Catholicism, and California State fish and game regulations." Commonwealth's Brief, at 8. ***See Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (although this Court may construe *pro se* briefs liberally, *pro se* status confers no special benefit upon appellant). Where flagrant disregard of the Rules of Appellate Procedure precludes meaningful judicial review, we are constrained to quash the appeal. ***In re Ullman***, 995 A.2d 1207 (Pa. Super. 2010) (this Court may quash or dismiss appeal if appellant fails to conform to requirements set forth in Pennsylvania Rules of Appellate Procedure); Pa.R.A.P. 2101 (if defects in appellant's brief or reproduced record are substantial, appeal may be quashed or dismissed).

Appeal quashed.

---

***Commonwealth v. Echinger***, 108 A.3d 821, 850 (Pa. 2014) (holding issues not stated with sufficient specificity are waived); ***Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011) (holding 1925(b) statements must be specific enough for trial court to identify and address issue appellant wishes to raise on appeal).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2023